**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 25-1206**

———————————

AYYAKKANNU MANIVANNAN,

        Plaintiff - Appellant,

    v.

DEPARTMENT OF ENERGY, National Energy Technology Laboratory,

        Defendant - Appellee.

———————————

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:17-cv-00192-TSK-MJA)

———————————

Submitted:  July 14, 2026                         Decided:  July 28, 2026

———————————

Before THACKER and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Vacated and remanded by unpublished per curiam opinion.

———————————

Ayyakkannu Manivannan, Appellant Pro Se.  Jordan Vincent Palmer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ayyakkannu Manivannan filed a complaint pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the Department of Energy's National Energy Technology Laboratory ("NETL" or "agency"), alleging that the NETL failed to adequately respond to several requests for records pursuant to the FOIA. The district court granted summary judgment in favor of the NETL. For the reasons that follow, we vacate the district court's order and remand for further proceedings.

> In reviewing a district court's grant of summary judgment in favor of the government in a FOIA action, we must determine de novo whether, after taking the evidence in the light most favorable to the nonmovant, there remains no genuine issue of material fact and the government is entitled to judgment as a matter of law.

*Wickwire Gavin, P.C. v. U.S. Postal Serv.*, 356 F.3d 588, 591 (4th Cir. 2004). Federal agencies are required to disclose agency records unless the records may be withheld pursuant to one of nine enumerated exemptions listed in 5 U.S.C. § 552(b). We review factual conclusions that place a document within a FOIA exemption for clear error and legal conclusions de novo. *Empower Oversight Whistleblowers & Rsch. v. Nat'l Insts. of Health*, 122 F.4th 92, 99 (4th Cir. 2024); *Wickwire Gavin*, 356 F.3d at 591. "We narrowly construe the FOIA exemptions in favor of disclosure." *Wickwire Gavin*, 356 F.3d at 591.

We conclude that the district court erred in finding that the NETL met its burden to show that it properly redacted or withheld information pursuant to statutory exemptions in 5 U.S.C. § 552(b) with regard to request Numbers 833 and 946. The agency bears the burden of sustaining its action to withhold information under any of the FOIA exemptions. *Zaid v. Dep't of Just.*, 96 F.4th 697, 704 (4th Cir. 2024) (citing 5 U.S.C. § 552(a)(4)(B));

2

*see Malone v. U.S. Pat. & Trademark Off.*, 175 F.4th 262, 269 (4th Cir. 2026) (same). Here, the district court determined that the exemption in § 552(b)(5) applied to request Number 946 and that the exemptions in § 552(b)(5)-(7) applied to request Number 833. But the NETL did not argue on remand that these exemptions applied to the respective requests and, therefore, did not meet its burden.

Accordingly, we vacate the district court's order and remand for the district court to determine, after further briefing from the parties, whether the exemptions apply to request Numbers 833 and 946. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*